[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-15309
Non-Argument Calendar
_____

Agency No. A097-959-627

CHRISTOPHER HARRISON,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals
_____

(December 31, 2013)

Before HULL, MARCUS, and HILL, Circuit Judges.

HILL, Circuit Judge:

Appellant Christopher Harrison petitions for review of the November 18, 2011, decision of the Immigration Judge (IJ), denying his motion to reopen to rescind his *in absentia* order of removal which was affirmed without opinion by the Board of Immigration Appeals (BIA), on September 21, 2012.  He also claims that the IJ did not give reasoned consideration to his affidavit.

We find that the IJ did not abuse her discretion in concluding that Harrison's motion was untimely, and denying his motion to reopen.  Also, as Harrison never argued in his notice of appeal to the BIA that the IJ failed to consider his affidavit, and did not file a brief with the BIA, this claim has not been administratively exhausted.  We have no jurisdiction to consider it.  We deny Harrison's petition in part, and dismiss in part.

## I.

Harrison, a native and citizen of Jamaica, was admitted into the United States on or about November 4, 1999, as a nonimmigrant B1 visitor, with permission to remain in the United States until December 3, 1999.  On October 20, 2004, the Department of Homeland Security (DHS) served Harrison in person with a Notice to Appear (NTA) charging him as removable pursuant to the Immigration and Nationality Act (INA) § 237(a)(1)(B), as an alien who remained in the United

2

States for a time longer than permitted.  Harrison was ordered to appear before an IJ in the Miami Immigration Court at 9:00 a.m. on February 2, 2005.[1]

Harrison signed the NTA, acknowledging that he had been personally served, and that he was given oral notice in English of the time and place of his hearing and the consequences for failing to appear.  He failed to appear at his hearing.  The government submitted evidence that he was removable.  At the hearing the IJ ordered Harrison removed *in absentia* to Jamaica, concluding that no exceptional circumstances existed to excuse his failure to appear at his removal hearing.

Six years later, Harrison filed with the immigration court a motion to reopen to rescind the *in absentia* order of removal.  He claimed he never received notice of the hearing.  The IJ found this argument meritless as the certificate of service indicated that he was personally served with the NTA on October 20, 2004, that he signed the NTA, and was provided in English with oral notice of the time and place of his hearing, and the consequences of failing to appear.  The IJ found his motion to reopen untimely.

Harrison filed a notice of appeal, but no brief, with the BIA.  The BIA affirmed the decision of the IJ without an opinion.  8 C.F.R. § 1003.1(e)(4).

---

[1] The NTA also stated that if Harrison failed to attend the hearing at the time and date listed on the NTA, or any date later directed by the immigration court, a removal order could be issued by the IJ in Harrison's absence.

3

II.

We review the denial of a motion to reopen for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  Our review is limited to whether the BIA's determination was "arbitrary or capricious."  *Id*.  We do not have jurisdiction to review a claim unless the petitioner has exhausted his administrative remedies with respect to that claim.  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  As the BIA summarily affirmed the IJ's order without an opinion, we review the IJ's decision as the agency's final order.  *See* 8 C.F.R. § 1003.1(e)(4).[2]

III.

We find that the IJ did not abuse her discretion in denying Harrison's motion to reopen.  *See Jiang*, 568 F.3d at 1256.  The record is clear that Harrison signed the NTA's certificate of service, indicating that he was personally served on October 20, 2004.  Further, Harrison acknowledges on the signed NTA that he was provided oral notice in English of the time and place of his hearing and of the consequences for failing to appear.  As Harrison received written notice of the proceeding, the IJ did not abuse her discretion in determining that his motion to reopen was untimely.  As to this part of the appeal, we deny the petition.

---

[2] A single BIA member may affirm an IJ's decision without opinion, if the BIA member determines the IIJ's decision was correct, and that (1) the issues on appeal fall squarely within existing BIA precedent, or (2) the issues raised on appeal are not so substantial that the case warrants a written opinion.  *See* 8 C.F.R. § 1003.1(e)(4).

As to Harrison's argument that the IJ did not give reasoned consideration to all of his evidence, in particular his affidavit, we dismiss that part of the petition as Harrison failed to exhaust this argument before the BIA, and we have no jurisdiction to consider it.  *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).

**DENIED IN PART; DISMISSED IN PART.**